IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LAKE CREEK PARTNERS LLC,      )
                                 )
          Plaintiff,          )   TC-MD 160062N
                                 )
      v.                    )
                                 )
JEFFERSON COUNTY ASSESSOR,     )
                                 )
          Defendant,     )
                                 )
   and                  )
                                 )
DEPARTMENT OF REVENUE,        )
State of Oregon,                )
                                 )
          Defendant-Intervenor.   )   **ORDER**

This matter is before the court on cross-motions for summary judgment of Plaintiff and

Defendant-Intervenor Department of Revenue (the department). Defendant Jefferson County

Assessor (the county) did not participate in the summary judgment briefings. Stipulated Facts

and Stipulated Exhibits A through M were filed on May 23, 2016. The parties' briefs on the

cross-motions were filed subsequently.

A.    *Factual Background*

This appeal concerns seven property tax accounts identified as: 18066, 18069, 18070,

18071, 18072, 18073, and 18360. (Ptf's Compl at 2.) Those seven property tax accounts are

part of the Lake Creek Lodge Condominium Project (the condominium project), which is owned

by Plaintiff and located in Camp Sherman, Jefferson County, Oregon. (Ptf's Mot at 1.) The

condominium project is comprised of at least 67 property tax accounts. (*Id.*)

The condominium project was developed in stages. (*See* Stip Ex A at 14.) In the Stage 1

Declaration, the owner (Plaintiff) and the declarant (Metolius Property Sales, Inc.) reserved the

right to annex additional stages to the development. (*Id.* at 5, 14.) "A legal description of the property on which the additional stages would be located" was included in the Stage 1 Declaration. (*Id.* at 15, 23.) The Stage 1 Declaration included a legal description of the Stage 1 "parcel of land" and a plat map of Stage 1. (*Id.* at 19; Stip Ex B.) The Stage 1 Declaration and plat map were recorded April 10, 2009. (Stip Facts at 1.)

For each subsequent stage of the condominium project, a supplemental declaration including a legal description of the "parcel of land" and a plat map was recorded. (*See* Stip Facts at 2; Stip Exs D at 12; E; G at 14; H; J at 12; and K.) The county created supplemental maps for each stage and a master map that "depicts all four stages of the Condominium Project, as well as tax lot 200, which contains * * * tax accounts 18066 (land) and 18069 (land and improvements)."[1] (Stip Facts at 2-3; Stip Exs C, F, I, L, and M.) The seven property tax accounts at issue in this appeal are associated with the four stages as follows:

| Account | Land | Improvements | Stage | Citation |
|---------|------|--------------|-------|----------|
| 18066 | Yes | No | N/A | (Stip Facts at 3; Stip Ex M (master map).) |
| 18069 | Yes | Yes | N/A | (Stip Facts at 3; Stip Ex M (master map).) |
| 18070 | Yes | No | 1 | (Stip Facts at 2; Stip Ex C.) |
| 18071 | Yes | No | 1 | (Stip Facts at 2; Stip Ex C.) |
| 18072 | Yes | No | 1 | (Stip Facts at 2; Stip Ex C.) |
| 18073 | No | Yes | 1 | (Stip Facts at 2; Stip Ex C.) |
| 18360 | Yes | No | 2 | (Stip Facts at 2; Stip Ex F.) |

Plaintiff filed Board of Property Tax Appeals (BOPTA) petitions challenging the 2015-16 values of 60 of the Lake Creek Lodge accounts ("first group of appeals") on December 30, 2015. (Stip Facts at 1.) The timely-filed first group of appeals was comprised of account 18361 (land) depicted in the county's supplemental Stage 2 map (Stip Facts at 2; Stip Ex F); accounts 18883 (land), 18889 (improvements), and 18890 (improvements) depicted in the county's

---

[1] The supplemental maps created by the county each specifically list some, but not all, of the accounts "depicted" on the maps. (*Compare* Stip Facts at 2-3 with Stip Exs C, F, I, and L.) No explanation was provided for the discrepancies between the accounts listed and the accounts "depicted."

supplemental Stage 3 map (Stip Facts at 2; Stip Ex I); land accounts 19506 and 19516 depicted in the county's supplemental Stage 4 map (Stip Facts at 3; Stip Ex L); and 54 improvements accounts[2] depicted in the county's supplemental Stage 4 map. (*Id.*)

Plaintiff filed BOPTA petitions challenging the 2015-16 values of the seven accounts at issue in this appeal ("second group of appeals") on January 29, 2016. (Stip Facts at 1.) On February 8, 2016, BOPTA mailed Orders of Dismissal for each of the seven accounts in the second group of appeals, dismissing each account because it "was not received or postmarked by the filing deadline." (Ptf's Compl at 25-31.) A hearing on the first group of appeals was held February 29, 2016. (Ptf's Mot at 1.) Plaintiff filed its Complaint in this matter on March 8, 2016, challenging the dismissal of the second group of appeals.

B.      *Issue Presented; Parties' Positions*

The issue presented is whether BOPTA's dismissal of the seven accounts in the second group of appeals was proper. (Inv's Cross-Mot at 2.) Plaintiff contends that the petitions it filed for the second group of appeals should have been treated as amendments to the first group of appeals, pursuant to OAR 150-309.100(3)(B)(7) and 150-308A.256(1)(a).[3] (Ptf's Mot at 4.) The department concedes that the BOPTA petition filed for Account 18360 in the second group of appeals may be treated as an amendment to the petition for Account 18361 in the first group of appeals. (Inv's Cross-Mot at 7.) The department disagrees that the petitions for any of the remaining six accounts at issue qualify as amendments. (*See generally* Inv's Cross-Mot.)

---

[2] Those accounts are: 19464, 19465, 19466, 19467, 19468, 19469, 19470, 19471, 19472, 19473, 19474, 19475, 19476, 19477, 19478, 19479, 19480, 19481, 19482, 19483, 19487, 19488, 19489, 19490, 19491, 19492, 19493, 19494, 19495, 19496, 19497, 19500, 19501, 19503, 19511, 19512, 19513, 19514, 19538, 19539, 19540, 19541, 19542, 19543, 19544, 19545, 19546, 19547, 19548, 19549, 19550, 19551, 19552, 19553. (Stip Facts at 3; Stip Ex L.)

[3] The OARs were renumbered subsequent to the parties' briefs in this case. OAR 150-309.100(3)-(B) was renumbered OAR 150-309-0100 and OAR 150-308A.256 was renumbered OAR 150-308-1140.

C.    *Analysis*

The court begins with a few observations about the procedural posture of this case and the requested relief. First, the parties have filed cross-motions for summary judgment, but summary judgment is not appropriate here because the parties agree that the appeal will continue at least with respect to Account 18360. Accordingly, the court will treat the cross-motions as requesting partial summary judgment. Second, it is unclear what relief the department requests if the court grants its cross-motion. The court infers that the department seeks dismissal of the six property tax accounts remaining at issue, although that request and the legal authority supporting it are not specifically stated in its cross-motion.[4] Third, if the court grants the department's cross-motion, Plaintiff may have another avenue to receiving relief in this court under ORS 305.288 (2015).[5] That possibility was not addressed in the briefs.

The court shall grant a motion for summary judgment "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C.

1.    *BOPTA Appeal; Right to Amend Petition*

Petitions to BOPTA must be filed "during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 309.100(2). The

---

[4] Any request for dismissal in this case could not be premised on the argument that Plaintiff's appeal to this court was untimely. *See* ORS 305.280(4) (an appeal from a BOPTA order must be filed not later than 30 days from the date of mailing of the order). The BOPTA Orders of Dismissal were mailed February 8, 2016, and Plaintiff's appeal was filed March 8, 2016. Presumably, any request for dismissal must be based on a contention that Plaintiff's appeal does not satisfy the requirements of ORS 305.275(3), which states:

"If a taxpayer may appeal to the board of property tax appeals under ORS 309.100, then no appeal may be allowed under this section. The appeal under this section is from an order of the board as a result of the appeal filed under ORS 309.100 or from an order of the board that certain corrections, additions to or changes in the roll be made."

[5] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

department correctly states that the BOPTA petitions for the second group of appeals were "filed on January 29, 2016, after the December 31 deadline to appeal 2015 assessments. Thus, the second group of appeals [was] time barred by ORS 309.100(2) unless an exception applies." (Inv's Cross-Mot at 2.) OAR 150-309.100(3)-(B)(7) permits a BOPTA petition to be amended "up to and including the time of the hearing for the following reasons:

> "(a) To add or delete land or improvements that are components of the account originally appealed.

> "(b) To add a separate account that together with the original account appealed creates a 'parcel' within the meaning of OAR 150-308A.256(1)(a). A petition may not be amended to include a separate account that is not part of an identified parcel.

> "(c) To add a manufactured structure account that is sited on the original account under appeal.

> "(d) To designate or change an authorized representative.

> "(e) To change the value requested."

The term "parcel" is defined by OAR 150-308A.256(1)(a)[6] as

> "a quantity of land that is capable of being described in a single description by a closed traverse, or as one of a number of subsections or sections in a township(s), or as lots, blocks, or tracts in a subdivision. A 'parcel' may consist of one or more tax lots."

Of the five exceptions enumerated in OAR 150-309.100(3)-(B)(7), Plaintiff relies upon (b), contending that all of the accounts in the first and second groups of appeals "constitute a single 'parcel' for purposes of 150-308A.256(1)(a) because they are capable of being described by a single traverse. And they are capable of being described by a single traverse because they are all contiguous to one another." (Ptf's Mot at 5.) Plaintiff noted that all of the accounts "fall within the single, closed traverse depicted by" the county's master map. (Ptf's Resp at 3.)

---

[6] The broader context of this rule is "Qualified Specially Assessed Homesite Valuation."

The department argues, first, that none of the accounts containing only improvements may be added under the "parcel" exception in (b) because "parcel" is defined as a "quantity of land." (Inv's Cross-Mot at 3-4.) Another exception in the rule permits a taxpayer to add improvements that are components of the account originally appealed. (*See id.* at 4.) In the department's view, improvements may only be added under that exception if they correspond to a land petition that was timely filed. (*See id.* at 3-4.) With respect to the land accounts, the department focuses on the limiting language in exception (b): "A petition may not be amended to include a separate account that is not part of an identified parcel." The department argues that, in the context of this case, the phrase "identified parcel" refers to the declaration and plat map recorded for each stage of the condominium project. (*Id.* at 6.) Thus, an account containing land may only be added to an existing BOPTA petition if the two accounts appear on the same recorded declaration and plat map. (*See id.* at 6-8.)

2. *Meaning of "Parcel" and Application to the Condominium Project*

OAR 150-309.100(3)-(B)(7)(b) permits a taxpayer to add a separate account that, together with the original account, creates a "parcel." It forbids the addition of a separate account that is not part of an "identified parcel." A cross-reference to OAR 150-308A.256(1)(a) defines "parcel" as "a quantity of land that is capable of being described in a single description by a closed traverse, or as one of a number of subsections or sections in a township(s), or as lots, blocks, or tracts in a subdivision." Within that definition, Plaintiff focuses on the first type of parcel: "a quantity of land that is capable of being described in a single description by a closed traverse." Plaintiff argues that the entire condominium project meets that definition because the accounts are contiguous and all appear on the county's master map. (Ptf's Resp at 3.) The department argues that each recorded declaration and plat map associated with the stages of the

condominium project constitutes a single description of a closed traverse of land. (Inv's Cross-Mot at 6.) Thus, each stage created an "identified parcel." (*Id.*)

The department's interpretation of the rule is persuasive. The declaration recorded for each stage of the condominium project contains a legal description of the "parcel of land" annexed into the condominium project and a plat map depicting the annexed property. The legal description associated with each stage of the condominium project constitutes a "single description" by a closed traverse. Although all of the land in the condominium project might be capable of being described in a single description by a closed traverse, there is no evidence that any such legal description of the entire condominium project was drafted or recorded. The Stage 1 Declaration contains a legal description of the potential future stages of the condominium project, but that legal description is distinct from the legal description of Stage 1. Thus, the two legal descriptions do not constitute a "single description" of land. Moreover, Plaintiff subsequently recorded declarations and plat maps describing each additional stage.

The rule's reference to an "identified parcel" also supports the department's position. The court agrees with the department that the declarations and plat maps recorded for each stage of the condominium project each created an "identified parcel." Thus, the rule prohibits adding an account that is not part of a stage--*i.e.*, the identified parcel--that was timely appealed.

Applying the foregoing principles to the six remaining property tax accounts at issue, the three land accounts in Stage 1 (Accounts 18070, 18071, and 18072) may not be added to any timely-filed BOPTA petitions because no Stage 1 accounts were included in the first group of appeals. (Inv's Cross-Mot at 7.) In other words, those three accounts are part of an identified parcel--Stage 1--and may not, therefore, be added to a petition for a different parcel, such as Stages 2, 3, or 4.

Account 18073 contains improvements associated with land Account 18072. (*See* Inv's Cross-Mot at 3.) This court has previously determined that improvements are not a "quantity of land" and cannot, therefore, form part of a "parcel" under the rule. *See Key Corporate Capital Inc./GECC v. Hood River County Assessor*, TC-MD 010481D, 2002 WL 1337676 at *2 (June 18, 2002) (holding that "items employed in a brewing facility" were "clearly not a 'quantity of land'" and, therefore, did not meet the definition of "parcel" in the rule). OAR 150-309.100(3)-(B)(7)(a) permits an amendment to add improvements that are a component of an account originally appealed. Account 18072 was not timely filed and does not qualify as an amendment to a timely-filed petition, so the petition for improvements Account 18073 is not an amendment to any timely-filed petition under that exception.

Finally, Accounts 18066 (land) and 18069 (land and improvements) are "not part of any of the plat maps recorded by plaintiff with the county or any other parcel which is the subject of a timely filed petition." (Inv's Cross-Mot at 8.) The court agrees with the department that those accounts may not, therefore, "be added to any of the petitions in the first appeal group under OAR 150-309.100(3)-(B)(7)(b)." (*Id.*)

D.    *Conclusion*

After careful consideration, the court concludes that Plaintiff's motion for partial summary judgment must be denied and the department's cross-motion for partial summary judgment must be granted. Within 30 days from the date of this Order, the parties must file a joint written status report proposing next steps. The report must address whether the department seeks dismissal of the six property tax accounts that do not constitute amendments to any timely filed BOPTA petitions. The report must also address whether Plaintiff alleges that this court has jurisdiction under ORS 305.288 for any of those six property tax accounts. Now, therefore,

IT IS ORDERED that Plaintiff's motion for partial summary judgment is denied.

IT IS FURTHER ORDERED that Intervenor's cross-motion for partial summary judgment is granted.

IT IS FURTHER ORDERED that, within 30 days from the date of this Order, the parties must file a joint written status report as described in this Order.

Dated this ___ day of January, 2017.

 

 

ALLISON R. BOOMER
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was filed on January 27, 2017.*